[Civil No. 3550.   Filed February 18, 1935.]

[41  Pac.  (2d)  309.]

CLARENCE HALL, Petitioner, v. CITY OF PHOE-
NIX, a Municipal Corporation, Defendant Em-
ployer, and THE INDUSTRIAL COMMISSION
OF ARIZONA, Defendant Insurance Carrier, Re-
spondents.

Mr. Lemuel P. Mathews and Mr. Robert De Wolf,
for Petitioner.

Mr. Don C. Babbitt (Mr. Emil Wachtel, on the
Brief), for Respondent Industrial Commission.

ROSS, J.—The petitioner on December 11, 1933,
and while he was a police officer of the city of Phoe-
nix, in a collision between the automobile in which
he was riding and another automobile, sustained a
slight concussion and several lacerations of the right
side of his face, and, being insured in the State Com-
pensation Fund, he applied to the Industrial Com-
mission for compensation for his injuries.

After an informal investigation, the commission
awarded him temporary disability compensation of
$54.80, and permanent partial disability compensa-
tion of $76.50 per month for six months.  Petitioner,
being dissatisfied with the award, asked for a rehear-

ing, and the commission granted him a formal rehearing, and thereafter made its corrected award as follows: For temporary disability compensation $54.80, and for permanent partial disability compensation $84.15 per month for six months. The petition for rehearing of the corrected award was denied. Petitioner seeks a review by this court of the proceedings before the Industrial Commission, upon the ground that the award is inadequate for the injuries suffered.

We have carefully looked into the record, and are satisfied the commission's award is amply supported by the evidence.

At the formal hearing before the commission, the only issue was the amount of compensation he should be paid for the permanent disfigurement of his face. At that time there was no claim for any other injury or disability. The Workmen's Compensation Law, section 1438, part (C), subdivision v, Revised Code 1928, provides that: "(v) for permanent disfigurement about the head or face, which shall include injury to or loss of teeth, the commission may allow such sum for compensation thereof as it may deem just, in accordance with the proof submitted, for a period not to exceed eighteen months."

It was shown at the hearing that the right side of petitioner's face had received four scars as a result of the accident, and that some of them were rather large and prominent. The commission saw the scars and the extent they disfigured petitioner's face, and also heard the witnesses, and came to the conclusion that $84.15 per month for six months was a sufficient award for the disfigurement. It is most difficult to estimate to what extent the disfigurement of one's face will handicap him in securing future employment, but its determination must be left to someone, and the Compensation Law has left it with

the Industrial Commission, and unless such determination appears to be arbitrary or capricious we would not feel like disturbing it or substituting our opinion for that of the commission. No abuse of the commission's discretion appearing, the award is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.